United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | CASE NO: 20-33948 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | CHAPTER 11 |
| Debtors. | § § | |
| | § | |
| FIELDWOOD ENERGY III LLC, | § § | |
| Plaintiff, | § § | |
| VS. | § § | ADVERSARY NO. 22-3251 |
| | § | |
| STAR MEASUREMENT SALES AND SERVICE, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION

Star Measurement Sales and Service, Inc. moves to dismiss this adversary proceeding for avoidance of an alleged preferential transfer. For the reasons set forth below, the motion is denied.

### BACKGROUND

Fieldwood Energy LLC and its affiliates were collectively one of the largest oil and gas exploration and production companies in the Gulf of Mexico. (ECF No. 1 at 5). Fieldwood and its affiliates filed for chapter 11 bankruptcy on August 3 and 4, 2020. (Case No. 20-33948, ECF No. 1). The Court confirmed Fieldwood's chapter 11 Plan on June 25, 2021. (Case No. 20-33948, ECF No. 1751).

On August 3, 2022, Fieldwood Energy III LLC began this adversary proceeding to avoid and recover $25,136.96 that Fieldwood Energy LLC transferred to Star Measurement on May 29, 2020. (ECF No. 1). Fieldwood alleges that this $25,136.96 payment was a preferential transfer

under 11 U.S.C. §§ 547 and 550. (ECF No. 1). Star Measurement is "a vendor or creditor that provided gas and liquid measurement equipment to or for the Debtors." (ECF No. 1 at 5). Fieldwood alleges that "the Defendant and one or more of the Debtors entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors . . . ." (ECF No. 1 at 7). "One or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant" within 90 days of the petition date and on account of antecedent debt. (ECF No. 1 at 7).

Star Measurement filed a motion to dismiss on February 27, 2023. (ECF No. 17). The motion includes background material and a memorandum in support of the motion. (ECF Nos. 17; 17-1). Fieldwood filed a response. (ECF No. 19).

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(f). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

The Court reviews motions under Federal Rule of Civil Procedure 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). However, the Court will not strain to find inferences favorable to the plaintiff. *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Motions to dismiss for failure to state a claim upon which relief can be granted "are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)). To

avoid dismissal under Rule 12(b)(6), the plaintiff must provide sufficient factual matter to state a claim for relief that is plausible on its face when accepting that factual matter as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  The plausibility standard asks for more than "a sheer possibility that the defendant acted unlawfully."  *Id.*; *see Lormand*, 565 F.3d at 232 ("[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007))).

## DISCUSSION

Star Measurement spends much of its motion to dismiss (i) alleging facts not referenced in the complaint and (ii) arguing legal theories based upon those new facts.  (*See* ECF No. 17).  A motion to dismiss should not allege new facts; rather, it should explain why the complaint should be dismissed if the court accepts the plaintiff's well-pleaded facts.  *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) ("Our task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible . . . .'" (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))).

Star Measurement's sole argument potentially appropriate for consideration on a motion to dismiss is that "[t]he complaint fails to plead facts sufficient to meet plaintiff's burden to plead that the payment was made for delivery of equipment, which at the time of delivery - January 2, 2020 -- was subject to a fully secured vendor's lien and privilege." (ECF No. 17-1 at 7).  Still, this

reasoning employs facts outside the complaint, which does not mention when any equipment was delivered or what happened to the equipment once it was delivered. (*See* ECF No. 1). Whether payment should have been made for delivery of the equipment and whether Star Measurement has a vendor's lien are similarly outside the complaint. At most, the complaint alleges that Fieldwood was obligated to pay for the "goods and/or services identified in this Complaint and in the Agreements." (ECF No. 1 at 10). The complaint does not state whether Fieldwood agreed to pay for delivery. (*See* ECF No. 1). It is improper to consider these arguments on a motion to dismiss.

The motion to dismiss does not otherwise explain how Fieldwood's claims fail as a matter of law despite its introduction of new facts. The Court agrees with Fieldwood's contention that "[e]ven were these alleged facts somehow appropriate to consider on a motion to dismiss, they do little to answer the question as to why [Star Management] asserts [Fieldwood's] complaint fails to state a claim for which relief can be granted." (ECF No. 19 at 5).

## CONCLUSION

A separate order will be entered.

SIGNED 05/16/2023

                                                             Marvin Isgur  
                                                United States Bankruptcy Judge